```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

JOHN AIKENS,                     :
                                 :
        Plaintiff                :    No. 1:15-CV-00365
                                 :
    vs.                          :    (Judge Kane)
                                 :
R.N. BRENDA HOUSER,              :
                                 :
                                 :
        Defendant                :
```

**MEMORANDUM**

I. **Background**

On January 9, 2015, John Aikens, an inmate at the State Correctional Institution at Forest, Marienville, Pennsylvania ("SCI-Forest"), filed in the United States District Court for the Western District of Pennsylvania a complaint under 42 U.S.C. § 1983 against Brenda Houser, a registered nurse employed at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania ("SCI-Mahanoy").  Aikens alleges that while confined at SCI-Mahanoy he was stabbed in the head with a ball point ink pen by another inmate and that Defendant Houser provided him with inadequate medical care for the wound sustained in violation of his rights under the Eighth Amendment to the United States Constitution.  On February 19, 2015, the case was transferred to this district.  On June 2, 2015, Defendant Houser waived service of the complaint and on June 13, 2015, filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The motion has

been fully brief and is ripe for disposition. For the reasons set forth below the motion will be denied.

II. **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," id., 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678(2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quotations omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quotations omitted).

In addition, because Aikens complains about "prison conditions," the screening provisions, 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") apply,[1] given that Aikens was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to

---

1. Section 1997e(a) states as follows:

   No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C.A. § 1997e(a).

   Section 1915(e)(2), which was created by § 804(a)(5) of the Act, provides:

   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at anytime if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., No. 06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 F. App'x 183 (3d Cir.2008).

### III. Allegations in Complaint

In the complaint Aikens alleges that from February 20 through October 11, 2011, he was confined at SCI-Mahanoy, and that on February 20, 2011, an "Inmate Brown stabbed [him] in the back of the head, approximately three inches behind the ear, with a ball point ink pen.". Doc. 1, Record from the Western District, Attachment # 2, Complaint, at 2. Aikens claims he "suffered a puncture wound measuring approximately three quarters of an inch in length." Id.  Aikens alleges that SCI-Mahanoy staff responded to the attack and located the weapon, a ball point ink pen but the "ball point was never located." Id. at 2-3. Aikens claims he was taken to the facility's medical department and Defendant Houser was informed that Aikens had been stabbed with a ball point pen but the "the ball point of the ink pen [had not] been located." Id. at 3. Aikens contends that he informed Defendant Houser "that he felt an unusual bump where the ink pen penetrated his head" and that "he found ink seeping from the punctured wound." Id.  Aiken

further avers that he "suggested to defendant [Houser] that the ball point of the ink pen was lodged in his head." Id. Aikens claims that Defendant Houser refused to have an x-ray taken of Aikens's wound and "simply ran her finger over the punctured wound and told [Aikens] that she did not see or feel anything" and "[t]hat was the extent of the medical service provided to [Aikens]" by Defendant Houser. Id. Aikens specifically avers that Defendant Houser "did absolutely nothing, other than run her finger over [his] wound, to treat [his] serious medical need." Id. at 4. Aikens claims that from February 20 through October 11, 2011, while housed at SCI-Mahanoy he "repeatedly requested that an x-ray be taken of his injury [] to determine if the ink pen's ball point was lodged in his head" but his "requests [] went unanswered." Id. After Aikens was transferred to SCI-Forest, Aikens alleges that an x-ray was performed and that it revealed an "8mm metallic density foreign body posteriorly located in [his] head where he was stabbed on February 20, 2011." Id. Aikens further avers that surgery was performed on May 29, 2013, and the metallic object, i.e., the ball point, was successfully removed. Id. Aikens contends that Defendant Houser was deliberately indifferent to his serious medical need and that her inaction caused him to suffer ill health, physical pain and disfigurement. Id. at 5. Aikens request compensatory and punitive damages for the physical harm as well as emotional and mental distress. Id.

**IV. Discussion**

Defendant Houser has raised three arguments. First, she argues that Aikens has not alleges facts if proven which would meet the legal standard of deliberate indifference. Second, she appears to claim that Aikens refused subsequent medical treatment and that grievance documents attached to her motion to dismiss show that she cleaned Aikens's wound and consequently provided him with some care and a mere disagreement with the adequacy of the care is insufficient under the Eighth Amendment. Third, she claims that this court can take judicial notice that a nurse cannot order x-rays, only a doctor. The court will first address the legal standards relating to an Eighth Amendment claim of deliberate indifference to an inmate's serious medical condition.

To establish an Eighth Amendment claim under § 1983, Aikens must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 827 (1994) (citing <u>Helling v. McKinney</u>, 509 U.S. 25 (1993); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)). In other words, the official must know of and disregard an excessive risk to inmate health or safety. <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d at 582; <u>Farmer</u>, 511 U.S. at 837. This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment. . . which remains a question of

6

sound professional judgment.'" Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components. Wilson v. Seiter, 501 U.S. at 298. Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. Id. The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind". Id.

The objective component of an Eighth Amendment medical care claim, i.e., whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1 (1992). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); West v. Keve, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978). The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d at 347; Archer v.

Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977).

Further, a complaint that a physician or a medical department was "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. More than two decade ago, the Third Circuit held that "[w]hile the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); see also Spruill, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.").

As required under Estelle an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled.  The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  Id. at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain."  Id. at 104 (citation omitted)

The court is satisfied that the allegations in the complaint of a puncture wound in the head as described by Aikens

8

coupled with the allegation that Defendant Houser was made aware by corrections officers that they did not find the ball point of the pen satisfy the serious medical need prong of an Eighth Amendment violation. Such a wound could become infected if not properly treated and it is alleged a metallic object was left in Aikens's scalp which even a layperson would understand could cause pain and the condition worsen over time. Furthermore, the argument by Defendant Houser that she cleaned the wound is not supported by the documents attached to the motion to dismiss. The court reviewed the grievance documents and discerns no admission in them by Aikens that Defendant Houser cleaned the wound or that Aikens refused subsequent medical care while confined at SCI-Mahanoy. Moreover, such documents must be excluded from consideration when ruling on motion to dismiss unless the motion is converted to a one for summary judgment and the nonmoving party given a reasonable "opportunity to present all material that is pertinent to the motion." Fed. R.Civ. P. 12(d).[2] As for Defendant Houser's argument that this court can take judicial notice that a nurse cannot order x-rays, Houser cites not

---

2. Defendant Houser has not filed an answer or affirmative defenses to the complaint and there is no indication that the parties have engaged in discovery. Although the court considered dismissing the case on the basis of the two-year statute of limitations pursuant to the screening provisions of the Prison Litigation Reform Act, there are too many uncertainties relating to the applicability of the statute of limitations, including when the statute of limitations commenced to run. Defendant Houser is not precluded from raising the defense in the answer or a properly filed motion for summary judgment.

authority for that proposition. Furthermore, assuming she is correct regarding her inability to order x-rays, that fact would not prevent her from bringing the matter to the attention of a physician who could order such x-rays.  Aikens alleges that Defendant Houser merely ran her finger over the wound.  Based on that allegation, the court cannot conclude that Aikens has failed to state a viable claim of deliberate indifference.

       An appropriate order will be entered.