UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN AIKENS,                    :
                                :
          Plaintiff             :    No. 1:15-CV-00365
                                :
     vs.                        :    (Judge Kane)
                                :
R.N. BRENDA HOUSER,             :
                                :
                                :
          Defendant             :


MEMORANDUM

## I.  Background

On January 9, 2015, John Aikens, an inmate at the State Correctional Institution at Forest, Marienville, Pennsylvania ("SCI-Forest"), filed in the United States District Court for the Western District of Pennsylvania a complaint under 42 U.S.C. § 1983 against Defendant Brenda Houser, a registered nurse employed at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania ("SCI-Mahanoy").  Aikens alleges that while confined at SCI-Mahanoy he was stabbed in the head with a ball point ink pen by another inmate and that Houser provided him with inadequate medical care for the wound sustained in violation of his rights under the Eighth Amendment to the United States Constitution.  On February 19, 2015, the case was transferred to this district.  On June 2, 2015, Houser waived service of the complaint and on June 13, 2015, filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The motion was fully brief and on January 8,

2016, the court denied Houser's motion to dismiss.  The court was satisfied that the allegations in the complaint of a puncture wound in the head as described by Aikens coupled with the allegation that Houser was made aware by corrections officers that they did not find the ball point of the pen satisfied the serious medical need prong of an Eighth Amendment violation.  Such a wound could become infected if not properly treated and it was alleged a metallic object was left in Aikens's scalp which even a layperson would understand could cause pain and the condition worsen over time. The court concluded that Aikens had sufficiently alleged facts from which a jury could conclude if proven that Houser was deliberately indifferent to a serious medical need.  On January 29, 2016, Houser filed an answer to the complaint with affirmative defenses. (Doc. No. 18.) On August 10, 2016, Houser filed a motion for summary judgment, a statement of material facts, evidentiary materials and a supporting brief. (Doc. Nos. 19, 20, 21, 22, 23.)

Aikens failed to file a brief in opposition or a response to Houser's statement of material facts and evidentiary materials.  Consequently, on September 12, 2016, Aikerns was ordered to do so within twenty-one days.  Though the time for complying with that order has long past, Aikens has neither responded to the motion as directed nor requested an extension of time within which to do so.  Consequently, the facts set forth in Houser's brief, statement of material facts and evidentiary

materials are deemed admitted.[1] The court will now review those facts and the applicable law to determine if Houser is entitled to judgment as a matter law.

## II.   Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

1.   Local Rule 56.1 states in toto as follows:

A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraph set forth in the statement required in the foregoing paragraph; as to which it is contended that there exists a genuine issue to be tried.

Statement of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing p000arty.

M.D. Pa. LR 56.1 (emphasis added). A standard practice order was issued on February 20, 2015, which advised Aikens of the requirements of several Local Rules of Court, including Local Rule 56.1. (Doc. No. 4.)  He was also as noted ordered on September 12, 2016, to respond to Houser's statement of material facts in accordance with Local Rule 56.1.  Specifically, he was directed to either confirm or deny each numbered paragraph, and if he denied a paragraph refer to parts of the record which supported the denial.

to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law.  Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party.  Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988).  In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a

genuine issue of material fact, the nonmoving party is required by
Rule 56 to go beyond the pleadings with affidavits, depositions,
answers to interrogatories or the like in order to demonstrate
specific material facts which give rise to a genuine issue.
Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).  The
party opposing the motion "must do more than simply show that
there is some metaphysical doubt as to the material facts."
Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574,
586 (1986).  When Rule 56 shifts the burden of production to the
nonmoving party, that party must produce evidence to show the
existence of every element essential to its case which it bears
the burden of proving at trial, for "a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial."  Celotex, 477
U.S. at 323.  See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d
Cir. 1992).

## II.  Discusssion

The statement of  material facts (Doc. No. 21) and the
evidentiary materials, Houser's declaration (Doc. No. 23), to
which Aikens failed to respond, reveal that on February 20, 2011,
while Aikens was confined at SCI-Mahanoy, he was stabbed by
another inmate with a ball point ink pen. The attacking inmate
stabbed Aikens in the back of the head approximately three inches
behind his left ear.  Prison staff immediately responded to the
attack and located the pen, but the ball point of that pen was not

located.  Aikens was immediately taken to the prison medical department and was examined by Houser. Aikens told Houser that he thought there was something in the location where he had been stabbed, but did not state there was a "bump."  He also did not tell Houser that the ballpoint of the pen had not been located by correctional officers.  If Aikens had informed Houser that the ballpoint had not been located, she would have recorded that statement in Aikens' medical records, i.e., in her SOAP[2] note.

Houser examined the stab wound area and did not observe any ink oozing from the wound.  Houser also ran her finger over the wound and palpitated the area, in an attempt to determine whether there was a foreign body present.  She did not detect a foreign body either on visual inspection or by palpating the area and advised Aikens that she did not see or feel anything.  Houser noted that the bleeding was controlled and she cleaned the area with saline solution and directed Aikens to go to sick call as needed.  Aikens refused subsequent medical care while confined at SCI-Mahanoy.  As a Registered Nurse, Houser is not licensed to order x-rays and she did not bring the matter of possible x-rays to the attention of a physician who could order x-rays because nothing she observed or felt in the area of the wound made her think x-rays were needed.

---

2.  "SOAP" is an abbreviation for subjective, objective, assessment and plan and is a standard method utilized by medical personnel when conducting an examination of a patient and documenting the examination.

To establish an Eighth Amendment claim under § 1983, Aikens must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 827 (1994) (citing Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 U.S. 97 (1976)). In other words, the official must know of and disregard an excessive risk to inmate health or safety. Natale v. Camden County Corr. Facility, 318 F.3d at 582; Farmer, 511 U.S. at 837. This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment. . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components. Wilson v. Seiter, 501 U.S. at 298. Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. Id. The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind". Id.

The objective component of an Eighth Amendment medical care claim, i.e., whether a plaintiff's medical needs were

7

serious, has its roots in contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1 (1992).  A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.  1987); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); West v. Keve, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978).  The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.  See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977).

Further, a complaint that a physician or a medical department was  "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  Estelle, 429 U.S. at 106.  More than two decades ago, the Third Circuit held that "[w]hile the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."  Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); see also  Spruill,

8

372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.").

As required under <u>Estelle</u> an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled.  The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  <u>Id.</u> at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain."  <u>Id.</u> at 104 (citation omitted)

Even if the court assumes that Aikens's medical need was serious in the constitutional sense, the summary judgment record reveals that he received medical attention.  At best, the summary judgment record demonstrate Aikens's mere disagreement with the scope and extent of treatment by Houser.  Aikens's disagreement with the course of treatment, however, does not serve as a predicate to liability. <u>See</u> <u>White v. Napoleon</u>, 897 F.2d at 108-110(No deliberate indifference claim is stated when a doctor disagrees with the professional judgment of another doctor since "[t]here may, for example, be several acceptable ways to treat an illness."); <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d at 762(claim for deliberate indifference does not arise just because one doctor disagrees with the diagnosis of another).

The summary judgment record establishes efforts by the Medical Defendants to provide Aikens with necessary medical care, and an attendant mental state that falls short of deliberate indifference.  A reasonable fact finder could not conclude that Houser acted with deliberate indifference to Aikens's medical needs.

An appropriate order will be entered.